# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

July 9, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**FOREST A. ADKINS,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0973** (BOR Appeal No. 2049320)
(Claim No. 2013015130)

**SWVA, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Forest A. Adkins, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. SWVA, Inc., by Matthew L. Williams, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 26, 2014, in which the Board affirmed a March 4, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 29, 2013, decision rejecting the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Adkins, a laborer, alleges that he was injured in the course of his employment on December 5, 2012, while dodging a piece of flying metal. The Employee's and Physician's Report of Injury listed the injury as a thoracic/lumbar sprain/strain. He testified in a deposition that he was using a hydraulic jack at work when a piece of metal broke off and flew toward him. He twisted to the left and the metal missed him, but the jack hit his left shoulder. Immediately after the injury, he felt stinging and burning between his shoulder blades. He stated that he reported the injury and filed an injury report that day. He also stated that his left shoulder was not injured in the incident. He asserted that there were witnesses to the accident.

1

Mr. Adkins has a long history of lumbar spine pain dating back to 2003 and has been under the care of Brett Short, D.C., since that time. Treatment notes introduced by SWVA, Inc., indicate Mr. Adkins was being treated for pain in the lumbar spine on January 4, 2012. The diagnoses were lumbar or lumbosacral degeneration and thoracic/lumbosacral neuritis/radiculitis. On July 13, 2012, the diagnoses included lumbalgia and muscle spasm as well. There is no mention of a work-related injury, a thoracic sprain/strain, or treatment for the thoracic spine on December 5, 2012, or any date thereafter. Mr. Adkins introduced a set of treatment notes, also by Dr. Short, bearing the same dates. Those notes indicate that Mr. Adkins reported on December 5, 2012, that he had severe pain after a work-related injury. He stated that he jerked to avoid a piece of metal and twisted his thoracolumbar spine. Dr. Short diagnosed him with lumbar, thoracic, and sacroiliac sprains/strains. The treatment notes say that he allowed Mr. Adkins to return to work immediately on light duty. He treated the thoracolumbar spine for the following month, and Mr. Adkins showed improvement.

The claims administrator rejected the claim on January 29, 2013. The Office of Judges affirmed the decision in its March 4, 2014, Order. It found that Mr. Adkins has had almost continual treatment for his lumbar spine since 2003. His credibility was found to be lacking due to the fact that he claims he was hit on the shoulder by pieces of equipment, yet he has no shoulder injury despite the fact that the shoulder was scheduled for surgery prior to the compensable injury. The Office of Judges also found that Dr. Short's records were unreliable. The set of his records submitted by SWVA, Inc., make no mention of a new work-related injury on December 5, 2012. Mr. Adkins's complaints in that set of records remain confined to the lumbar spine. The Office of Judges held that Mr. Adkins's evidence was not credible and the claim was properly rejected. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on August 26, 2014.

On appeal, Mr. Adkins argues that the fact that he had pre-existing back injuries does not prevent him from suffering a new compensable injury to the same body part. He asserts that there is no evidence that he did not suffer an injury in the course of his employment, and Dr. Short's modifications to his treatment records does not support the assertion that he did not suffer a work-related injury. SWVA, Inc., argues that the treatment records do not mention a work-related injury. It asserts that different treatment notes were generated for Workers' Compensation and Mr. Adkins's private health insurance; therefore, Dr. Short's inconsistent records should be disregarded as unreliable.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. Mr. Adkins has not shown that he was injured in the course of his employment. He claimed that there were witnesses to the alleged injury; however, he failed to produce any statements by them. He introduced one set of records from Dr. Short which stated that he injured his thoracic spine at work on December 5, 2012, and received treatment for the thoracic spine. However, SWVA, Inc., submitted a different set of records by Dr. Short, bearing the same dates, which failed to mention a work-related thoracic spine injury or any thoracic spine injury at all. It appears that Dr. Short edited the records but it cannot be determined whether he added or removed a notation about the work-related injury and thoracic spine treatment. His

2

records are therefore unreliable. Mr. Adkins has not met his burden of proof to show that he sustained a work-related injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  July 9, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum